☐ **ORIGINAL**

Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

E-filing

FILED
JAN - 3 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

C11-00011 JCS

| DIONDRIA HARRISON, | ) Case No. |
| --- | --- |
| Plaintiff, | ) COMPLAINT FOR VIOLATION |
| | ) OF FEDERAL FAIR DEBT |
| vs. | ) COLLECTION PRACTICES ACT |
| | ) AND ROSENTHAL FAIR DEBT |
| DORSEY THORNTON & ASSOCIATES, LLC, | ) COLLECTION PRACTICES ACT |
| Defendant. | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Diondria Harrison ("Plaintiff"), is a natural person residing in Contra Costa county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, Dorsey Thornton & Associates, LLC, ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. On more than one occasion, Defendant contacted Plaintiff's grandmother, a third party to this action, threatening that Plaintiff would go to jail for check fraud if payment was not made towards the alleged debt.

7. On more than one occasion, Defendant threatened further legal action against Plaintiff, including but not limited to, Kevin Walker, an employee of Defendant, contacting Plaintiff on July 16, 2010, wherein Mr. Walker represented that he was calling from a law firm and threatening that Defendant would take Plaintiff to court for failure to pay the debt.

8. On more than one occasion, Defendant has said or implied that Plaintiff had committed a crime, including but not limited to, saying that failure to pay the debt would result in the arrest of Plaintiff for check fraud and possible jail time, including but not limited to, threats made during phone calls on July 16, 2010 and July 26, 2010.

9. On at least one occasion, Defendant falsely represented that the representative was an attorney, including but not limited to, Kevin Walker, contacting Plaintiff on July 16, 2010, stating that he was calling from a law firm, implying he was an attorney.

10. On more than one occasion, Defendant falsely represented the amount of the alleged debt owed by Plaintiff.

11. On or about August 11, 2010, Defendant contacted Plaintiff and threatened Plaintiff's mother to make a payment towards the alleged debt saying that Plaintiff had to pay $125.00 by August 28, 2010 even though neither Plaintiff nor Plaintiff's mother agreed to a payment arrangement.

12. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));
b) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));
c) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));
d) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));
e) In connection with collection of a debt, using obscene or profane language directed at Plaintiff (§1692d(2));
f) In connection with collection of a debt, using language the natural consequence of which was to abuse Plaintiff (§1692d(2));
g) Threatening Plaintiff that nonpayment of Plaintiffs debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law (Cal Civ Code §1788.10(e));
h) Falsely representing that an individual is an attorney (§1692e(3));
i) Falsely representing or implying that nonpayment of Plaintiffs debt would result in the seizure, garnishment,

attachment, or sale of Plaintiffs property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));
j) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));
k) Falsely representing that any person is an attorney or counselor at law (Cal Civ Code §1788.13(b));
l) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made (Cal Civ Code §1788.13(j));
m) Threatening that the failure by Plaintiff to pay Plaintiffs consumer debt will result in an accusation that Plaintiff had committed a crime, where such accusation is false (Cal Civ Code §1788.10(b));
n) Overshadowing the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period (§1692g(b));
o) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§1692f));
p) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§1692f(1)); and
q) Collecting an amount from Plaintiff that is not permitted by law (§1692f(1)).

13. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

///

///

Complaint - 5

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

16. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

B. Actual damages;

C. Statutory damages for willful and negligent violations;

D. Costs and reasonable attorney's fees,

E. For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 30th day of December, 2010.

By: _____

**TODD M. FRIEDMAN (216752)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff**